UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER C. J., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CV-649-CDL |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration[1], | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Title II Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2). For the reasons set forth below, the Court **reverses** the Commissioner's decision denying benefits and **remands** for further proceedings in accordance with this order.

**Procedural History**

Plaintiff protectively filed an application for Title II Social Security disability benefits on April 11, 2014, alleging a disability onset date of April 5, 2014. Plaintiff referenced the following as impairments limiting his ability to work: left foot, knees, back,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this action, effective upon her appointment as Acting Commissioner of Social Security in July 2021. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

left hip, hands, arthritis, swelling, and a partial foot amputation. Prior to the onset date, Plaintiff worked as an autobody mechanic. The Commissioner denied Plaintiff's application on initial review and upon reconsideration. Plaintiff thereafter requested a hearing before an Administrative Law Judge (ALJ). At the hearing, the Plaintiff and a vocational expert (VE) testified. The ALJ subsequently issued a decision finding the Plaintiff not disabled. (R. 15-23). The Appeals Council denied review (R. 1-6), and Plaintiff initiated a timely appeal to this Court. Accordingly, the Court has jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g).

## Standard of Review

Judicial review of a Commissioner's disability determination "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Comm'r Soc. Sec.*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citing *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the court may

not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178 (quoting *Knight*, 756 F.3d at 1175).

## **Agency Proceedings**

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and, therefore, entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). A finding that the claimant is disabled or is not disabled at any step ends the analysis. *See id.*; *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

At step one, the claimant must demonstrate that he is not engaged in any substantial gainful activity. *See Lax*, 489 F.3d at 1084 (citation omitted). Here, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 5, 2014. The ALJ's determination at step one is not challenged and is supported by substantial evidence.

At step two, the claimant must establish an impairment or combination of impairments that is severe. *See Lax*, 489 F.3d at 1084 (quoting *Grogan*, 399 F.3d at 1261). A claimant who does not have a severe impairment is not disabled. *See Williams*, 844 F.2d

at 751. Here, the ALJ determined that Plaintiff has severe impairments of the left foot (partial amputation) and left knee osteoarthritis. (R. 17). The ALJ also found the Plaintiff to have medically determinable impairments of obesity, hypertension, right knee pain, left hip pain, bilateral wrist pain with possible carpal tunnel syndrome, and mental confusion due to medication and pain, but the ALJ found that those impairments caused only minimal limitations on Plaintiff's ability to perform basic work activities, such that he found those impairments to be non-severe. (*Id.*). Having found severe impairments at step two, the ALJ properly proceeded to step three.

At step three, the ALJ determines whether the claimant's severe impairment or impairments are equivalent to one that is listed in Appendix 1 of the regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (internal quotation and citation omitted); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, subpt. P, app. 1 (Listings). If the claimant has an impairment that meets all criteria of a Listing, the claimant is presumed to be disabled and is entitled to benefits. Otherwise, the ALJ proceeds to step four.

At step three in this case, the ALJ found that Plaintiff's impairments do not meet or equal the criteria for any Listing. In reaching this conclusion, the ALJ "placed specific emphasis" on the Listings under Sections 1.00 (Musculoskeletal System) and 4.00 (Cardiovascular system), but found the Plaintiff's impairments did not meet or equal the criteria for any Listing. In accordance with this finding, the ALJ proceeded to step four.

At step four, the claimant must show that his impairment or combination of impairments prevents him from performing work he has performed in the past. If the

claimant can perform his previous work, he is not disabled. Step four includes three distinct phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ first determines the claimant's residual functional capacity (RFC) based on all the relevant medical and other evidence. 20 C.F.R. § 404.1520(e). The ALJ next determines the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ determines whether the RFC from phase one allows the claimant to meet the job demands found in phase two. *Id.*

Here, the ALJ determined that Plaintiff has the RFC to perform "sedentary work as defined in 20 CFR 404.1567(a)." (R. 18). The ALJ further found that

> [t]he claimant can lift or carry 20 pounds occasionally and lift or carry 10 pounds frequently. Pushing and pulling limitations are consistent with his lifting and carrying limitations. He can stand/walk for only 15 minutes at a time for a total of 2 hours in an 8-hour workday. He can sit for 6 hours in 8-hour workday with regular breaks. He would need to use his cane as needed. He can occasionally climb stairs and ramps. He cannot climb ropes, ladders, or scaffolds. He can occasionally crouch, crawl, stoop, bend, kneel, balance, and occasionally handle, finger, and feel.

(*Id.*). The ALJ determined that, in light of the RFC, Plaintiff could not perform his past work in automotive body repair, which was performed at the medium exertion level with a specific vocational preparation (SVP) of 7. (*See id.* at 22). As a result, the ALJ proceeded to step five.

The claimant bears the burden on steps one through four. *Lax*, 489 F.3d at 1084. If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant retains

5

the capacity to perform other work available in the national economy, in light of the claimant's age, education, and work experience. *Id.*

At step five of the analysis, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 22). Relevant to step five, the ALJ posed a hypothetical individual to the VE at the hearing. Contrary to the ALJ's RFC, which included a limitation that the plaintiff could only "*occasionally* handle, finger, and feel" (R. 18) (emphasis added), the ALJ's hypothetical to the VE stated that the individual "would be able to *frequently* finger, handle, and feel." (R. 54) (emphasis added).

The VE testified that a person with the hypothetical limitations would be able to perform sedentary jobs such as an Order Clerk (DOT # 209.567-014), with 180,000 such jobs in the national economy, sedentary Production Assembler (DOT # 715.687-094), with 260,000 jobs in the national economy, and sedentary Machine Operator (DOT 673.685-042), with 91,000 jobs in the national economy. (R. 55). Relying on the VE's testimony, the ALJ found that the Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. 23). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from April 5, 2014 through the date of the decision. (*Id.*).

## Plaintiff's Argument

Plaintiff raises one issue. He argues that the ALJ erred in finding that the Plaintiff could perform jobs of Order Clerk, Product Assembler, and Machine Operator, each requiring at least *frequent* handling and fingering, where the ALJ's RFC limited Plaintiff

6

to only *occasional* handling, fingering, and feeling. (Doc. 18 at 2-3). That alleged error was the result of the ALJ's hypothetical to the VE, which failed to include the RFC limitation of occasional fingering and handling. (*See id.*).

## Analysis

VE "testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)); *see also Carr v. Comm'r Soc. Sec. Ass'n*, 734 F. App'x 606, 611 (10th Cir. 2018) (unpublished).

Here, it is apparent that the hypothetical posed to the VE did not include the limitation to occasional handling, fingering, and feeling and instead stated the limitation as frequent handling, fingering, and feeling. Based on the hypothetical for frequent handling, fingering, and feeling, the VE identified the jobs of Order Clerk, Production Assembler, and Machine Operator. Each of those jobs required at least frequently fingering and handling, and those requirements would not be able to be performed by Plaintiff, who was found to have an RFC limited to only occasionally fingering and handling.

The Commissioner acknowledges that the ALJ's RFC, as written in the decision, "would preclude the jobs the [VE] identified." (Doc. 20 at 7). However, the Commissioner argues that the Court should determine that the "ALJ's intention was to limit Plaintiff to either frequent fingering, handling, and feeling or no manipulative limitations at all." (*Id.*). The Commissioner also asserts that, "while an inconsistency between an ALJ's

hypothetical question to the [VE] and his RFC could support remand in some cases, here, it does not." (*Id.* at 11).

The Court declines the Commissioner's invitation to glean a different intent to the ALJ than what is contained in the ALJ's written RFC. There is no ambiguity in the ALJ's written RFC limitation of occasional fingering and handling. (R. 18). The ALJ also noted that Dr. Gibson provided a functional assessment that the plaintiff "would be limited to occasional reaching in all directions, handling, fingering, and feeling because of left hand pain and weakness," which is consistent with the ALJ's written RFC limitation to occasional fingering and handling. (R. 21). On this record, the Court cannot determine the ALJ's intent differently than the written RFC set forth in the decision. The Court also notes that the burden at step five is the Commissioner's. The ALJ's failure to include the proper RFC limitation in the hypothetical question posed to the VE was erroneous. As a result, the decision is not supported by substantial evidence and must be reversed and remanded. *Hargis,* 945 F.2d at 1492; *Carr,* 734 F. App'x at 611-12.

## Conclusion

The ALJ's decision is not supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled is **reversed and remanded** for further proceedings, including a proper step-five analysis, consistent with this opinion.

ORDERED this 7th day of September, 2021.

Christine D. Little
United States Magistrate Judge